# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Tyler C. Riopel,

        Plaintiff,

vs.

Michael W. Harden,

        Defendant.

Case No. 19-1032-JTM

### AGREED ORDER FOR INSPECTION AND REPRODUCTION OF MEDICAL, EMPLOYMENT AND PROTECTED HEALTH INFORMATION PURSUANT TO STATE AND FEDERAL LAW (HIPAA) AND NOTIFICATION OF WAIVER OF PHYSICIAN-PATIENT PRIVILEGE

TO:    All Hospitals, Clinics, Pharmacies, Physicians, Social Workers, Psychologists, Psychiatrists, Therapists; Governmental Agencies (State and Federal); All Other Medical Institutions, Practitioners and Health Care Providers; and All Employers, Past and Present

You are hereby authorized (but not required) pursuant to the laws of the State of Kansas and applicable federal law, including but not limited to the Health Insurance Portability and Accountability Act (HIPAA), to make available for examination and reproduction by the parties and their counsel denominated in this lawsuit any and all medical and employment records of any type or nature whatsoever and/or any protected health information within your care, custody, or in any manner concerning Tyler C. Riopel, Date of Birth: 1995 (year only), Social Security Number: 6611(last 4 digits).

Medical documents and protected health information subject to this order include but are not limited to:

    Every page of the entire medical chart <u>cover</u> <u>to</u> <u>cover</u>, including but not limited to: all records pertaining to the examination, diagnosis, care and/or treatment of the patient; patient intake and registration forms; patient insurance and identification information; office narratives; progress notes; prescription orders; lab results; nurse and physician assistant notes; consultation notes; consultation reports; order sheets; handwritten notes;

and, radiological and laboratory reports; itemized billing statements listing all charges; radiographic films; photographs; videotapes; and,

All secondary records, regardless of whether generated by you. Secondary records include patient questionnaires, phone message slips, correspondence with patient and other health care providers, and all documents contained in the medical chart from other health care providers, insurance representatives, attorneys or governmental agencies, including but not limited to medical records as defined above and all correspondence and hospitalization records.

The Court specifically finds the above-requested information is relevant to this proceeding because the parties rely on the information as an element of the claims and defenses in the action. Unless specifically excluded by this Order, all medical records and protected health information in your possession regarding the person noted above may be produced or made available for inspection. Said inspection and/or reproduction may be requested by any attorney of record herein as set forth below and clerical fees and expenses shall be paid by the attorney requesting such examination, reproduction or interview. Copies of such records secured under this Order by counsel for defendant(s) shall be made available for inspection or copying by the attorney for plaintiff(s), or copies shall be made of such records for and at the expense of the attorneys for plaintiff(s).

You are further notified that the parties have agreed that counsel for either party is allowed to confer with any health care provider without opposing counsel or the opposing party being present, provided the health care provider consents to the interview. This is based on the parties' agreement that the plaintiff has made a claim for personal injuries and in filing this lawsuit, has waived any privilege existing between the patient and the health care providers.

This Order complies with HIPAA federal standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164, and Kansas Statute, K.S.A. 60-427, Physician-Patient Privilege.

This Order encompasses disclosure of all information regarding diagnosis and treatment of mental, alcohol, drug dependency, emotional condition, and HIV, AIDS or other infectious disease, pursuant to 42 U.S.C. 290dd-2 and 42 C.F.R. Part 2 (substance abuse privilege); K.S.A. 65-5601 to 5606 (treatment facility privilege); K.S.A. 74-5323 and K.S.A. 74-5372 (psychologist-patient privilege); and K.S.A. 65-6001 to 6010 (infectious disease privilege). Disclosure of all records pursuant to these sections are necessary for purposes of the litigation and essential to the claims and defenses of the parties.

With respect to the employment records, such records include but are not limited to all materials contained in the employee's personnel file cover to cover; wage, payment, salary and tax information; performance evaluations; job applications; workers compensation records and any other records pertaining to injuries incurred by the employee; any and all work releases or restrictions; any protected health information in the employer's records.

This Order shall be effective throughout the pendency of this action.

Dated March 28, 2019.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

APPROVED BY:

DEPEW GILLEN

/s/Randall K. Rathbun
Randall K. Rathbun, #09765
Attorneys for Plaintiff
8301 E. 21st Street N., Ste. 450
Wichita, KS 67206-2936
Telephone:     (316) 262-4000
Fax:           (316) 265-3819
E-mail:        randy@depewgillen.com

HITE, FANNING & HONEYMAN L.L.P.

/s/*Brad J. LaForge*_____
Brad J. LaForge, #20323
Attorneys for Defendant
100 N. Broadway, Ste. 950
Wichita, KS  67202-2209
Telephone:	(316) 265-7741
Fax:		(316) 267-7803
E-mail:		laforge@hitefanning.com